UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MILTON WILFREDO DE LEON,
Petitioner,

v.

PATRICK DIVVER, Field Office Director of the San Diego California, U.S. Immigration and Customs Enforcement and Enforcement of Removal Operations, et al.,
Respondents.

Case No.: 26cv4039-LL-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Milton Wilfredo De Leon's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that he is wrongfully detained under 8 U.S.C. § 1225(b)(2). ECF No. 1 ("Pet.").

The government filed a Response contending that De Leon is subject to mandatory detention under § 1225(b)(2). ECF No. 4 at 2. Nevertheless, the government states that based on prior decisions by courts in this district with facts that are not materially distinguishable from this case, they do not oppose the petition and defer to the Court on the appropriate relief. *Id.* at 2–3.

/ / /

The Court finds that De Leon is subject to detention pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, --- F.4th --- (9th Cir. July 30, 2026).

Accordingly, the Court **ORDERS** as follows:

1. Mr. De Leon's Petition for Writ of Habeas Corpus is **GRANTED**.[1]

2. **Within 48 hours of this Order**, the government **SHALL** either immediately release Mr. De Leon or issue a warrant pursuant to 8 U.S.C. § 1226(a) to continue Mr. De Leon's detention.

3. If a warrant is issued, the government **SHALL** provide Mr. De Leon with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **fourteen days** of the date of this order, unless Mr. De Leon requests a continuance.[2]

   a. The immigration judge **SHALL** consider alternative conditions of release and Mr. De Leon's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–92 (9th Cir. 2017).

   b. If requested by Mr. De Leon, the government **SHALL** assist him in obtaining the audio recording of the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011)).

/ / /

/ / /

/ / /

---

[1] Mr. De Leon requests attorney's fees and costs pursuant to the Equal Access to Justice Act [Pet. at 10], which the Court DENIES WITHOUT PREJUDICE.

[2] In a bond hearing under 8 U.S.C. § 1226(a), the burden is on the detainee to demonstrate by a preponderance of the evidence that he is not a flight risk or danger to the community. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citation omitted).

4. The Clerk of Court shall enter judgment in Mr. De Leon's favor and close this case.

**IT IS SO ORDERED**.

Dated: August 17, 2026

Honorable Linda Lopez
United States District Judge